HOOSE & VICTOR *v.* L. S. ROBBINS et als.

The acts and declarations of a vendor shortly before and after a sale, though out of the presence of the vendee, acknowledging and showing its simulation, are admissible against the latter to prove fraud in the vendor; but such evidence is insufficient in itself to establish fraud in the vendee. 2 A. 480. 3 N. S. 22. 2 N. S. 13.

Suspicion is thrown on the transactions, but title to real property would be rendered too insecure if such evidence were allowed to invalidate authentic acts of sale, particularly where the record shows that better and more direct evidence could be adduced.

APPEAL from the Sixth District Court of New Orleans, *Duplantier,* J. Geo. S. Lacey, for appellant. H. B. Eggleston, for appellees.

HOWELL, J. On the 23d day of November, 1864, the plaintiffs, residents of New York, instituted this suit by attachment in the Sixth District Court of New Orleans, on a judgment for $2,035 99, bearing seven per cent. interest, rendered by the Supreme Court of New York, on the 5th day of October, 1852, against Hiram Huston, Louis S. Robbins (one of the defendants, herein) and George L. Haskell; and alleging that said Louis S. Robbins, a resident of New York, is the real owner of a certain house and lot in New Orleans, which he purchased on 17th of August, 1859, from A. P. Cleveland, but caused the title to be put in the name of his brother, Matthew P. Robbins, of New York; and subsequently, to wit: on the 31st January, 1861, transferred by the latter to Clara Augusta, wife of said Louis S. Robbins, and by her, on 6th February, 1863, to Wm. W. Keith, of Boston, Massachusetts (the two acts recorded here on 19th March, 1863), without consideration in each case, for the purpose of concealing it from his creditors ; prayed that said property be attached ; the said Clara Augusta Robbins and Wm. W. Keith be made parties; judgment be rendered against the said L. S. Robbins for the sum claimed; the sale from Cleveland to M. P. Robbins be decreed to have been made for the sole use and benefit of L. S. Robbins ; the transfers from M. P. to Clara A. Robbins, and from the latter to W. W. Keith, be declared fraudulent and simulated, and said property adjudged to belong to Louis S. Robbins, and liable for his debts; and that plaintiffs have a privilege thereon for their claim and costs.

On the 7th day of January, 1865, the defendants appeared by counsel, excepted to the jurisdiction of the Court, because no property belonging to L. S. Robbins had been attached, and to the suit, because no action will lie against Keith, the owner, until after judgment has been obtained against L. S. Robbins; and answered, in case the exceptions be overruled, by a general denial; specially denied the allegations of fraud and simula-

tion, and pleaded the prescription of ten years and less. They subsequently pleaded the prescription of one year to the action to annul the sale of the property attached. Judgment was rendered sustaining the prescription of ten years, and plaintiffs appealed.

The first question is raised by the exceptions, and is, whether or not the defendants are legally brought into Court. They contend that no property belonging to plaintiffs' debtor has been attached, and having no right of action against the real owner, the Court is without jurisdiction of the cause. This necessarily involves an inquiry into the title to the property which gave jurisdiction to the Court à quo, and upon which plaintiffs claim relief, and may strictly be a point appertaining to the merits ; but, if it should be found that the property does not belong to the debtor, it would be unnecessary to inquire into the other questions involved, and defendants, under their pleadings, cannot be held to be properly before the Court—their appearance being conditioned on the overruling of their exception.

It may be assumed that the evidence, to which no bill of exception was taken, shows that the sale from Cleveland to Matthew P. Robbins was actually for the benefit of Louis S. Robbins, and that the transfer from M. P. to Clara Augusta, the wife of Louis S., was without consideration, and therefore the property, as it stood in the name of Clara, really belonged to her husband, Louis S. Robbins. But we are not prepared to say, from the evidence in the record, that the sale to Keith is a simulation.

The deed is in authentic form, duly recorded, and it contains the usual clauses, including the acknowledgment of the payment and receipt of the price, and Keith has presented his tax receipts and policies of insurance in his own name. By our law he was vested, by the act of sale, with full ownership and possession. The only evidence adduced to destroy this presumption of law and invalidate the sale, is hearsay, and consists solely of the statements of Louis S. to M. P. Robbins, out of the presence of, and not shown to be known to Keith.

M. P. Robbins says, that, in January, 1861, Louis S. expressed the fear that his creditors might discover that the property was merely covered by witness's name, and caused the latter to convey it to his (Louis's) wife, who he said would deed it to W. W. Keith of Boston, his brother-in-law, and his creditors would not be able to trace it ; that he (M. P. Robbins) was not present, in February, 1863, when Clara Augusta conveyed it to Keith ; but Louis S. showed him the deed after it was filled up, and said he did not believe his creditors would keep track of it. He also says that he knows that Louis always claimed it as his, and received the income from it down to the summer of 1864 ; but he derived his knowledge from Louis only, and does not, in any manner, connect Keith with it.

62

The acts and declarations of a vendor shortly before and after a sale, though out of the presence of the vendee, acknowledging and showing its simulation, are admissible against the latter to prove fraud in the vendor ; but such evidence is insufficient in itself to establish fraud in the vendee. 2 A. 480. 3 N. S. 22. 2 N. S. 13.

Suspicion is thrown on the transactions, but title to real property would be rendered too insecure if such evidence were allowed to invalidate authentic acts of sale, particularly where, as in this case, the record shows that better and more direct evidence could be adduced.

We are unable to declare Keith's title a simulation, and must therefore conclude that the defendants are not brought into Court by the writ of attachment.

It is therefore ordered that the judgment appealed from be affirmed, so far as it dismisses plaintiff's suit, with costs.